IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 NOV 29 PM 3: 18
U.S. DISTRICT COURT
N.D. OF ALABAMA

EASTMAN KODAK COMPANY,        }
                              }
    Plaintiff,                }
                              }   CIVIL ACTION NO.
v.                            }
                              }   CV-00-2797-S
K. V. HILL, et al.,           }
                              }
    Defendants.               }
                              }

ENTERED
NOV 29 2000

**MEMORANDUM OPINION**

The court has given *pro se* defendant, K. V. Hill, the benefit of the doubt and has considered him to have "appeared" for the purposes of Rule 55(b)(2), F.R.Civ.P., by virtue of his letter dated October 16, 2000, and filed on October 19, 2000. Hill did not physically appear either in person or by counsel on November 9, 2000, or on November 27, 2000, although notified of both hearings. He offered no defense to the application by plaintiff, Eastman Kodak Company, for a judgment of default against him, of which he was notified. Accordingly, the court orally entered default against Hill on November 27, 2000, and proceeded to consider the evidence, including the evidence earlier offered in support of plaintiff's motion for preliminary injunction, relevant to the relief to be granted. The court will now memorialize that grant of plaintiff's application for default.

On November 27, 2000, plaintiff offered specific evidence in support of its prayer for an award of monetary relief against Hill.

The case did not go to trial on the merits as against the other defendant, James D. Carter, who joined plaintiff in requesting a continuance.

## Findings of Fact

1. The facts as found in the preliminary injunctive order entered on November 9, 2000, are confirmed and are herein incorporated insofar as the action against defendant, Hill, is concerned. In particular, it is found as a fact that Hill wrongfully and without authorization used the federally registered KODAK trademark owned by plaintiff, and by doing so, that Hill violated the Trademark Act, 15 U.S.C. §§ 1051, *et seq.* Plaintiff will be irreparably damaged if Hill is not permanently enjoined from further violations of the Trademark Act *vis-a-vis* plaintiff.

2. Hill (together with James D. Carter, who together operated as Southeastern Photo Supply, Inc.) received the aggregate sum of $39,000 as a result of three third party transactions in which Hill wrongfully used plaintiff's trademark. Hill's said actions in violation of the Trademark Act were deliberate and willful.

3. Attorney's fees incurred by plaintiff in the amount of $13,952.50 are fair and reasonable, considering the lawyer-time reasonably expended and the high quality of the legal services performed.

## Conclusions of Law

Based on the foregoing findings, and upon Hill's default, the court concludes as follows:

1. The court has jurisdiction over the subject matter and over the parties.

2. Hill is in default and plaintiff's application for default is GRANTED.

3. Hill violated the Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and wrongfully used plaintiff's protected mark "KODAK".

4. Pursuant to 15 U.S.C. §1117(a) and (b), the court will assess damages against Hill in twice the amount of the profits realized from his wrongful acts. This is in lieu of plaintiff's requested three times the said wrongful profits.

5. The court will further enter judgment against Hill for plaintiff's reasonable attorney's fees and will enter a permanent injunction enjoining the acts that were preliminarily enjoined on November 9, 2000.

6. The injunction bond and its surety will be released and the principal and surety discharged insofar as Hill is concerned, but the bond shall remain in full force and effect insofar as defendant, Carter, is concerned.

A separate appropriate order will be entered.

DONE this 29th day of November, 2000.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE